IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**AQUANAUT TOWING & SALVAGE, INC.,**
d/b/a **SEA TOW PENSACOLA/ORANGE BEACH,**

    **Plaintiff,**

vs                                                          **CASE NO. 3:08cv502/LAC**

**THE MOTOR YACHT "TAR BABY", et al.,**

    **Defendants.**
_____/

## ORDER SETTING TRIAL

The Court having considered the progress of this case, and it appearing that all discovery has now been completed, the following trial schedule and procedure is established:

I.  <u>DATES FOR COMPLIANCE WITH PRETRIAL PROCEDURE.</u>

    A.  The attorneys' conference required by section II shall be held no later than <u>July 31, 2009.</u>

    B.  The pretrial stipulation and other papers required by sections III and IV shall be filed with the Clerk of the Court on or before <u>August 7, 2009.</u>

    C.  This case will be tried in **PENSACOLA** by the Court **DURING THE TRIAL TERM BEGINNING MONDAY, AUGUST 17, 2009 @ 9:00 am.**

II. ATTORNEYS TO CONFER.

Counsel for all parties shall meet together on the date specified in paragraph I(A) for the following purposes:

A. To discuss the possibility of settlement;

B. To stipulate to as many facts and issues as possible:

C. To draw up a pretrial stipulation in accordance with section III of this order;

C. To examine all exhibits and documents proposed to be used in the trial;

D. To furnish opposing counsel the names and addresses of all witnesses, including possible rebuttal witnesses and experts;

F. To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto; and

G. To complete all other matters which may expedite the trial of this case.

I. Counsel for plaintiff shall initiate arrangements for the attorneys' conference. However, all attorneys in this cause are charged with the duty of meeting in such conferences and of complying with the schedule set forth in this order. If the schedule is not kept by any counsel, it is the duty of other counsel to insist upon the necessary meeting or meetings to effect the pretrial stipulation, and failing to succeed, to advise the Court by motion seeking sanctions against any party failing or refusing to meet as directed after request.

III. PRETRIAL STIPULATION.

The pretrial stipulation shall contain:

A. The basis of federal jurisdiction;

B.  A concise statement of the nature of the action;

C.  A brief general statement of each party's case;

D.  A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection;

E.  A list of names and addresses of **ALL** witnesses, including rebuttal and expert, intended to be called at the trial by each party.  Expert witnesses shall be labeled as such;

F.  A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

G.  A concise statement of those issues of law on which there is agreement;

H.  A concise statement of those issues of fact which remain to be litigated;

I.  A concise statement of those issues of law which remain for a determination by the court;

J.  A concise statement of any disagreement as to the application of rules of evidence or the Federal Rules of Civil Procedure;

K.  A list of all motions or other matters which require action by the Court;

L.  A statement regarding whether mediation has been fully discussed and considered by the parties and their counsel, and if so, the prospects for court-ordered mediation to succeed in resolving the case without trial;

M.  Counsel's respective estimates of the length of the trial; and

N.  The signature of counsel for all parties.

IV.  PAPERS TO BE SUBMITTED.

No later than the date specified in paragraph I(B), the parties shall file with the Clerk

of the Court an original and one copy of the following:

      A. The pretrial stipulation prepared in accordance with section III of this order.

      B. A trial brief or memorandum with citation of authorities and arguments in support of that side's position on all disputed issues of law, with copy to opposing counsel.

      C. Proposed written findings of fact and conclusions of law, or, in lieu thereof, a proposed opinion or memorandum of decision in which proposed findings of fact and conclusions of law appear, with complete citation of authorities where appropriate (see Rule 52, FRCP), with copies to opposing counsel. Each disputed issue of fact or law identified in the pretrial stipulation shall be addressed.

      D. Counsel for each party in any case shall arrange with the Clerk for marking for identification, in the sequence proposed to be offered, all exhibits intended to be offered by such party.

    V. <u>SPECIAL MATTERS.</u>

      A. <u>Pending Motions.</u> No motion for summary judgment or other motion filed after the date of this order will be grounds for cancellation or postponement of the trial, or as a basis for non-compliance with any other requirement of this order. The parties will be expected to comply with this order as fully and to the same extent as though no such motion had been filed. Any motion not filed and served in time for it to be heard and determined pre-trial, under the time limitations contained in the Local Rules or in the Federal Rules of Civil Procedure, will not be considered. Parties will submit memoranda regarding any such motion to the Court in accordance with Local Rule 6.

    In addition to the foregoing, the parties are reminded that the Scheduling order entered in this

case requires motion for summary judgment to be filed not later than 20 days after the close of discovery, unless otherwise permitted by court order.

B.  Settlement.  If the case is settled prior to trial it is the responsibility of the parties to see that the Court is immediately advised.

VI.  SANCTIONS FOR NON-COMPLIANCE.

A.  The requirements set out herein are intended to facilitate the efficient disposition and trial of this case.  **Counsel are expected to fully comply with this order, and if they should not, then the Court will impose sanctions in accordance with Rule 16(f), Federal Rules of Civil Procedure.**  Ordinarily, such sanctions will be in a monetary amount imposed against counsel personally, but the sanctions may be, among others, those specified in Rule 16(f) and Rules 37(b)(2)(A), (B), (C), or (D), Federal Rules of Civil Procedure.

B.  Counsel, as used herein, means and includes any party who is appearing pro se.

**ORDERED** this 7th day of July, 2009.

    s/L.A. Collier
    LACEY A. COLLIER
    Senior United States District Judge